Anthony J. Cerrato, J.
In this proceeding brought pursuant to the former articles 3 and 10 of the Family Court Act, the respondent brought on a motion wherein he seeks
(a) An order dismissing the petition on the ground that the respondent’s constitutional rights are being violated (U. S. Const., 8th and 14th Arndts.; N. Y. Const., art. VI);
(b) An order requiring that there be separate trials held on the issue of child abuse (art. 10) and child neglect (art. 3);
(c) An order permitting the full use of pretrial discovery procedures; and
(d) A trial by jury.
Except for that portion of the motion which seeks pretrial discovery procedures, the within motion is denied.
POINT A AND POINT B
The contentions of the respondent herein are at the present time rendered moot. On the 1st day of May, 1970, the Legislature of the State of New York repealed article 3 (child neglect) and article 10 (child abuse) and combined features of each into a new article 10. Under the new article 10, upon the finding of child abuse, it is no longer mandated that a child be removed from his home. On the contrary, it is specifically provided that the court may remove the child to avoid imminent risk to the child’s life or health, may issue an order of protection, may release the child to the custody of his parent. (Family Ct. Act, § 1027.)
*294 Furthermore, article 10 is not punitive in nature. Its purpose, as stated in section 1011 is “ designed to establish procedures to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being. It is designed to provide a due process of law for determining when the state, through its family court, may intervene against the wishes of a parent on behalf of a child so that its needs are properly met.”
It is well settled that where children are concerned, the court functions as parens patriae to do what is in the best interests of children. (Finlay v. Finlay, 240 N. Y. 429; Matter of Bachman v. Mejias, 1 N Y 2d 575.) The irreparable harms wreaked upon children in cases such as this, are very real. Were the State not to enact a statute for the protection of children it would be delinquent in its obligations and duties.
The allegations that to remove a child found to be abused violates the Eighth Amendment of the United States Constitution is completely without merit. The Eighth Amendment of the United States Constitution provides: “ Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted”. (Emphasis added.) “ The cruelty against which the Constitution protects * * * is cruelty inherent in the method of punishment (Louisiana ex rel. Francis v. Resweber, 329 U. S. 459, 464). Furthermore, the Eighth Amendment is in its nature directed at criminal not civil proceedings.
POIÍTT o
Section 165 of the Family Court Act provides that where the method of procedure in any proceeding in the Family Court is not prescribed, the provisions of the CPLR shall apply to the extent that they are appropriate. This, however, should not import into Family Court proceedings punctiliousness or complexities and technical requirements; the procedure is to be used as a working tool and not as an impediment to the function of the Family Court. (Matter of Schwartz v. Schwartz, 23 A D 2d 204.)
To deny the motion herein would in effect ignore the intent of CPLR 3101 et seq. “ The purpose of disclosure * * * is to advance the function of a trial to ascertain truth and to accelerate the disposition of suits.” (Rios v. Donovan, 21 A D 2d 409, 411.)
Experience has shown that where the discovery procedures of the CPLR have been held applicable to Family Court proceedings, the intent of the CPLR as expressed in Rios v. *295 Donovan (supra) was achieved and that the functioning of the Family Court was not impeded.
However, that portion of the request for pretrial discovery procedures which seeks authorization permitting examination of the hospital records of the child herein must be denied. To grant the relief would violate the privilege that exists between a physician and patient.
poiitt n
The Federal and State Constitutions state that no person shall be deprived of life, liberty or property without due process of law. The words “ due process of law ” have been the center of substantial legal debate over the years. Today, it is fairly well settled that the term implies the right of the person affected to be present before the tribunal which pronounces judgment upon the question of life, liberty or property, to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question involved. (Black’s Law Dictionary, 4th ed.) The constitutional guarantee demands only that the law shall not be unreasonable, arbitrary or capricious, and that the means selected shall have real and substantial relation to the object (Nebbia v. New York, 291 U. S. 502). The essential elements of “due process of law ” are notice and opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case and that every man shall have his day in court.
The right to a trial by jury is not synonymous with due process of law nor does the denial of a trial by jury deprive a person of due process of law. (Palko v. Connecticut, 302 U. S. 319.) The question that remains is whether the respondent is entitled to a trial by jury by virtue of the Sixth and Seventh Amendments to the United States Constitution or by CPLB 4101 or section 702 of the Code of Criminal Procedure. The answer to this must be in the negative.
The Sixth Amendment calls for a jury trial in criminal cases and the Seventh for a jury trial in civil cases at common law where the value in controversy shall exceed $20. Obviously, from the nature of this proceeding, the mandate of the Seventh Amendment is not involved herein.
With respect to the Sixth Amendment, the within proceeding is not criminal in nature. The statute is not punitive in nature. It is designed to rescue the child. Its object is not to punish parents but to safeguard children. This purpose is inconsistent with the granting of jury trials. To require a jury trial would bring a good deal more formality to the court without demon *296 strating that it would he a better fact-finding process than trial before a Judge. Even in cases of juvenile delinquency, where the penalty can be confinement in a State institution and where the proceeding is quasi-criminal, a trial by jury is neither constitutionally required nor desirable. (Matter of Gault, 387 U. S. 1; Matter of Winship, 397 U. S. 358; Matter of Daniel D., 27 N Y 2d 90.) Likewise, section 702 of the Code of Criminal Procedure does not apply to the instant proceeding.
Since there is no constitutional right to a trial by jury in proceedings such as this, nor is there a right to a trial by jury by express provision of law, CPLR 4101 is also inapplicable.
Accordingly, with regard to respondent’s motion, the relief sought in Points A, B and D, the same are hereby denied.
With regard to respondent’s motion for pretrial discovery procedure, the same is hereby granted to the extent previously indicated.
Settle order on five days’ notice.